FILE

2011 FEB -3 AM 9: 44

CLERK OF COURT

BY

**IN THE SUPERIOR COURT OF GUAM**

THE PEOPLE OF GUAM,

v.

THOMAS MICHAEL QUIDACHAY,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CF0465-12

**DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS THE INDICTMENT AND MOTION *IN LIMINE***

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon at a Motion Hearing and Pre-Trial Conference on Thomas Michael Quidachay's ("Defendant") joint Motion to Dismiss the Indictment and Motion *In Limine* ("Motions") filed on September 30, 2013. Defendant was present and represented by Attorney Anthony Camacho and Assistant Attorney General Gabrielle Rossi represented the People of Guam (the "People"). After hearing oral argument on the motions, the Court took both matters under advisement.

This Court, having considered the Motions, the People's Opposition, and the applicable statutes and case law, now issues the following written Decision and Order **GRANTING** the Motion *In Limine* and **DENYING** the Motion to Dismiss the Indictment.

## BACKGROUND

**1.     Procedural History.**

Defendant was indicted on six (6) counts of Use of One's Child in Obscene Acts (as a 1st Degree Felony) under 9 GCA § 28.52 on August 3, 2012. Indictment (Aug. 3, 2012). Defendant was initially charged in CF0451-12 by Magistrate's Complaint on July 27, 2012. The earlier case was *sua sponte* dismissed without prejudice by the Honorable Judge Elizabeth Barrett Anderson, presumably pursuant to 8 GCA § 45.80(b). *See* Order of Dismissal, CF0451-12 (Aug.

8, 2012). Dismissals under 8 GCA § 45.80(b) "...shall not preclude the government from instituting a subsequent prosecution for the same offense" and Defendant was subsequently indicted in this case. Indictment (Aug. 3, 2012). Defendant filed the instant Motions in one pleading on September 30, 2012 and the People filed a Response to each Motion separately on October 10, 2013. The Court heard oral arguments from both Parties on October 29, 2013 and now issues this Decision and Order.

**2.    Defendant's Motion *In Limine*.**

Defendant moves the Court to exclude from trial any evidence pertaining to 1) Defendant's earlier case of *People v. Quidachay*, CM1001-09 (Superior Ct. of Guam); 2) an alleged break-in or burglary of the Chalan Pago-Ordot Mayor's Office in October 2009; and 3) any mechanical deficiencies of a black computer tower (seized by the Guam Police Department on September 2, 2010) and which arose after September 30, 2009. Defendant's Motion at 4. The People, in their Opposition, stated they do not intend to offer any evidence of CM1001-09 in this case, but oppose Defendant's Motion to exclude evidence of the break-in and tampering with the computer. (Opp'n at 3).

**3.    Defendant's Motion to Dismiss the Indictment**

Defendant moves to dismiss the Indictment in its entirety on the grounds of insufficient evidence and for a lack of competent evidence presented to the grand jury that Defendant committed the crimes he is charged with. The People state that dismissal of the indictment by this Court would have no grounding in Guam law and is an improper remedy prior to trial. As the record before the Court includes evidence cited by the Defendant in support of his claim of lack of competent evidence (*see* Motion, Exhibits A and B), the Court will also examine if the evidentiary bases for Defendant's Indictment are supported on its face, and legally sufficient,

mindful that "when a duly constituted grand jury returns an indictment valid on its face, no independent inquiry may be made to determine the kind of evidence considered by the grand jury in making its decision." *Costello v. United States*, 350 U.S. 359, 76 S. Ct. 406, 100 L. Ed. 397 (1956).

## LAW AND ANALYSIS

### 1. Defendant's Motion *In Limine*.

#### a. Motion to Exclude Evidence of CM1001-09.

The People, in their Opposition, stated they do not intend to offer any evidence of CM1001-09 in this case (Opp'n at 3). Although "the filing of a notice of non-opposition to a motion . . . does not require a court to automatically grant the motion and is not dispositive of the motion itself" (*Petition of Quitugua v. Flores*, 2004 Guam 19 ¶ 28), the Court here will note that under Guam Rule of Evidence 404(b), "upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial..." and will require the People to present any intent to introduce evidence of CM1001-09 by the Pre-Trial Conference in this matter.

#### b. Motion to Exclude Evidence of an Alleged Break-in or Burglary of the Chalan Pago-Ordot Mayor's Office in October 2009 and the Subsequent Damage to a Black Computer Tower.

In their Opposition, the People state they plan to introduce evidence that shortly after the Defendant was fired from his job at the Chalan Pago Community Center where Defendant was employed during the time of the alleged crimes, "there was a break-in to the community center" which resulted in a computer no longer working; this computer was later found to contain evidence of Defendant's alleged crimes. Opp'n at 2. The People did not orally argue this

-3-

motion at hearing and rested on their submitted brief. In their Opposition, the People state that these alleged facts are "clear evidence of consciousness of guilt on the part of the Defendant as well as Defendant's attempt to cover up his crime." Opp'n at 2. At oral argument, Defendant represented that no one had been charged in this alleged break-in.

As presented, the proffered evidence lacks relevance under Guam Rules of Evidence 402(a) (relevant evidence "has any tendency to make a fact more or less probable than it would be without the evidence") as there is no linkage between the alleged break-in and the Defendant except that it occurred at his former place of employment shortly after he was fired. Assuming that all of the above facts are true and relevant, this evidence still lacks probative value under Guam Rules of Evidence 403 (*see Bowden v. McKenna*, 600 F.2d 282, 284-285 (1st Cir. 1979)("Weighing probative value against unfair prejudice under F.R.Evid. 403 means probative value with respect to a material fact if the evidence is believed, not the degree the court finds it believable")), as the People have not presented any causal connections between the break-in, the broken computer, and the crime Defendant is charged with. *See also US v. Willford*, 764 F.2d 1493, 1499 (11th Cir. 1985)("Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury."). In the absence of evidence which links these alleged facts together, admission would result in unfair prejudice under Rule 403 and it would confuse the issues and mislead the jury. Absent additional offers of proof prior to or at trial, this Court will exclude this evidence *in limine* per Defendant's motion.

//

-4-

## 2. Motion to Dismiss Indictment

With the exception of 8 GCA § 50.14(b), no provision exist in the Guam Code to dismiss an indictment nor for a court to review a grand jury's finding that "there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 GCA § 50.54(b). Even § 50.14(b) is strictly curtailed to challenges "based on objection to the array or on the lack of legal qualification of an individual juror, if not previously determined upon challenge." Even the provision by which Defendant seeks to challenge the competency of the evidence received by the grand jury operates with the caveat that "the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury." 8 GCA § 50.42. The Supreme Court of the United States has found that an allowance for trial courts to review the findings of a grand jury "would run counter to the whole history of the grand jury institution, in which laymen conduct their inquiries unfettered by technical rules." *Costello v. US*, 350 US 359, 364 (1956). In that vein, the *Costello* Court at 362-363 cited to a case from 1852 for authority: "No case has been cited, nor have we been able to find any, furnishing an authority for looking into and revising the judgment of the grand jury upon the evidence, for the purpose of determining whether or not the finding was founded upon sufficient proof ..." (quoting *US v. Reed*, 27 Fed.Cas. pages 727, 738, No. 16,134). Defendant's Motion to Dismiss the Indictment has almost no recognition under either the common law or statutes.

This Court may still narrowly consider Defendant's Motion to Dismiss using the evidence in support of his Motion by solely looking at the <u>legal validity of the indictment on its face</u> under a narrow *Costello* exception: "An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if *valid on its face*, is enough

-5-

to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." *Costello* at 409 (emphasis added). This authority is also affirmed by the Guam Supreme Court and Guam statutes in *People v. San Nicolas* and 8 GCA § 65.15(b): "[f]ailure of an indictment sufficiently to state an offense is a fundamental defect...and it can be raised at any time." (quoting *US v. Spinner*, 180 F.3d 514, 516 (3rd Cir. 1999)) and "[Title 8] section 65.15(b) gives [the trial court] the authority to raise the defective indictment issue *sua sponte*.". *People v. San Nicolas*, 2013 Guam 21 ¶ 14.

That analysis begins with a recitation of the generic charge (six counts) against Defendant:

> On or about the 10th day of September, 2009, in Guam, THOMAS MICHAEL QUIDACHAY did commit the offense of ***Use of One's Child in Obscene Acts***, in that, while having custody or control of a child under the age of sixteen (16) years, that is [initials and date of birth of said child], Defendant did knowingly permit said child to be used in or be a party to material or performance that is obscene, in violation of 9 GCA § 28.52.

Indictment (Aug. 3, 2013).

The language of the Indictment tracks the applicable statute:

**§ 28.52. Use of One's Child in Obscene Acts.**

> A person is guilty of a felony of the first degree if while having custody or control of any child under the age of sixteen (16) years, he shall knowingly permit that child to be used in or be a party to any material or performance that is obscene.

Title 9 GCA § 28.52.

At the time of the alleged crimes, Defendant was employed in running an afterschool program at the Chalan Pago Community Center in Guam (Motion, Exhibit A at 1) and therefore had custody or control of elementary and middle school children identified as being between 9-12 years old in the Indictment. The footage which was seized as evidence by the Guam Police Department was date and time stamped on 9/10/09 and appeared to be video of the children

-6-

viewing what was alleged to be two women engaged in sexual activity. Motion, Exhibit A at 3. A Julie R. Posadas identified the voice of the individual taking the footage to be Defendant. *Id.* "Material" includes motion picture under 9 GCA § 28.40(a) and "Performance" means "any physical human activity..." under 9 GCA § 28.40(c). The evidence presented to the grand jury indicated that all of these essential elements were presented. *See* Motion, Exhibit B at 2, 9:34:24 AM. The representation of obscenity, as defined by 9 GCA § 28.40(e) was presented to the grand jury by the sworn testimony of a police officer. Motion at 2 and Exhibit B at 2, 9:31:39 AM. Defendant proffers that the footage, taken as a whole presents a scientific experiment. *Id.* at 3. Such an affirmative defense is one for the finder of fact at trial to weigh.

To summarize, it is clear that without weighing the competency of the evidence presented to the grand jury, this Court finds that the Indictment, on its face, is valid and states an offense under 9 GCA § 28.52.

## CONCLUSION

For the reasons stated above, Defendant's Motion *In Limine* is **GRANTED** and Defendant's Motion to Dismiss the Indictment is **DENIED**.

The Court will issue a new Criminal Trial Scheduling Order setting a new date for the previously vacated Jury Selection and Trial.

It is **SO ORDERED** this___31___ day of January, 2014.

_____
**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

FEB 0 3 2014

Florene U. Rivera
Deputy Clerk, Superior Court of Guam

-7-